**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-30599
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANNY M DAUGHERTY, also known as Dan Daugherty

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-184-1

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Danny M. Daugherty pleaded guilty, pursuant to a plea agreement, to three counts of production of child pornography and one count of possession of child pornography. He was sentenced to a total of 210 months of imprisonment and to a life term of supervised release. In his agreement, Daugherty reserved the right to appeal the district court's denial of his motion to suppress evidence. He argues that the district court erred by finding that the seizure of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

computer and hard drive from his residence fell within the plain view doctrine. He also asserts that the district court erred in finding that probable cause existed to seize the computer and hard drive.

In reviewing the denial of a motion to suppress, the district court's factual findings are reviewed for clear error and its legal conclusions, . . . are reviewed de novo." *United States v. Jacquinot*, 258 F.3d 423, 427-28 (5th Cir. 2001). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.* The evidence presented at a suppression hearing must be viewed in the light most favorable to the prevailing party, in this case, the Government. *Id.*

As to his argument regarding plain view, the district court determined that the seizure of the pornographic images contained in the albums found inside Daugherty's residence fell within the plain view doctrine, but not the computer and hard drive. Rather, the district court determined that these pornographic images, combined with Daugherty's change in demeanor upon the officer's discovery of the images, and his repeated attempts to turn off the laptop computer, provided the officers with sufficient probable cause to seize the laptop and hard drive pending a search warrant.

Daugherty also contends that the district court's probable cause determination was erroneous because there was no evidence that linked the pornographic images to his computer. He further contends that his desire to turn off his computer "could have been based on completely legitimate concerns . . . [since] [c]omputers contain a wealth of private information."

Daugherty's argument lacks merit. Testimony at the suppression hearing supported a finding that it was apparent that the pornographic images had been downloaded from a computer due to the internet and email address printed on the backside of the images. Daugherty admitted ownership of the albums where the images were found. As soon as he was confronted with the albums, Daugherty attempted several times to turn off the laptop that was on in his

office. Furthermore, he became visibly nervous as officers searched his office that contained the computer equipment. The evidence introduced at the hearing reflects that there was a fair probability that the computer Daugherty attempted to turn off contained more pornographic images. Accordingly, the district court did not clearly err in its probable cause determination and in denying Daugherty's motion to suppress. *See id.* The judgment of the district court is AFFIRMED.